### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| **MONICA PIZANO, Individually and as a mother and next best friend of Baby Pizano, an unborn fetus,**  )<br>)<br>)<br>)<br>**Plaintiff,** )<br>v.  )<br>)<br>**HARRINGTON, MORAN, BARKSDALE, INC., d/b/a HMBI, UNITED STATES OF AMERICA, and Other Unknown John Doe Owners, Occupiers, Possessors, and Managers of Property 936 Quail Drive, Bradley, Illinois,** )<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | Case No. 09-CV-2037 |

### OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#33) filed by Defendant, the United States of America. This court has carefully reviewed the United States' Motion and supporting Exhibits, the Response (#55) and attached affidavit filed by Plaintiff, Monica Pizano, and the United States' Corrected Reply (#57). Following this careful and thorough review, the United States' Motion for Summary Judgment (#33) is GRANTED.

### FACTS[1]

Plaintiff was working as a real estate agent in April 2006. On April 10, 2006, she went to a home located at 936 Quail Drive in Bradley, Illinois (Property), in order to show the Property to a client. On that date, Plaintiff walked out of the Property and fell off the front stairs. The Property was owned by the Department of Housing and Urban Development (HUD) based on a foreclosure

---

[1] This court has carefully reviewed the United States' excruciatingly detailed, redundant Statement of Undisputed Facts. Plaintiff did not respond to these facts, so they are deemed admitted. See Coffey v. Cox, 218 F. Supp. 2d 997, 999 n.3 (C.D. Ill. 2002). This court has also carefully reviewed Plaintiff's recitation of additional facts. This court has attempted to limit its discussion of the facts to those facts which are truly material to the issues in this case, based upon the applicable case law.

sale of the property. Effective December 2004, HUD entered into a marketing and management contract with Harrington, Moran, Barksdale, Inc. (HMBI). Pursuant to its contract with HUD, HMBI was the management and marketing contractor responsible for the management and marketing of HUD owned properties, including the Property. HMBI was contractually required to maintain the Property in a manner that was clean, safe, sanitary and secure. It is undisputed that no federal employees work for HMBI and no employee of HUD supervised or was involved in HMBI's management and care of the Property.

## PROCEDURAL HISTORY

On February 9, 2009, Plaintiff filed her Complaint (#1) in this court against HMBI, the United States and Other Unknown John Doe Owners, Occupiers, Possessors and Managers of the Property. Plaintiff stated that she was bringing a civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/0.01 et seq. (West 2006). Plaintiff alleged that, on April 10, 2006, she fell while at the Property and that Defendants "knew, or in the exercise of ordinary care, should have known, of the dangerous and defective conditions on the Property." Plaintiff alleged that Defendants:

   a. Carelessly and negligently failed to provide safe conditions at the Property 936 Quail Drive, Bradley, Illinois;

   b. Carelessly and negligently failed to use reasonable care in discovering the dangerous and defective conditions on the Property 936 Quail Drive, Bradley, Illinois;

   c. Carelessly and negligently failed to provide proper warning of the dangerous and defective conditions on the Property 936 Quail Drive, Bradley, Illinois; and

   d.  Were otherwise careless and negligent in the ownership, occupation, possession, management, and/or other oversight, of the Property 936 Quail Drive, Bradley, Illinois.

In Count I, Plaintiff sought an award of damages for her medical care and treatment and for the pain and disability she suffered as a result of her injuries. In Count II, Plaintiff alleged that, on April 10, 2006, she was pregnant with an unborn and viable fetus who died as a result of Defendants' acts and omissions and the subsequent injuries suffered by Plaintiff. Plaintiff therefore sought damages pursuant to the Illinois Wrongful Death Act.

On October 15, 2009, the United States filed its Motion for Summary Judgment (#33). The United States argued that it cannot be liable under the Federal Tort Claims Act (FTCA) because HMBI was an independent contractor responsible for the Property and no federal employees were involved with the Property. On November 23, 2009, Plaintiff filed her Response to the Motion for Summary Judgment (#55). Plaintiff argued that the United States is not entitled to summary judgment because a genuine issue of material fact exists regarding whether the United States can be liable under a theory of apparent authority. Plaintiff contended that she has presented sufficient facts to raise the issue of whether HMBI had apparent authority to act on behalf of HUD and Plaintiff justifiably relied on HMBI's apparent authority to her detriment. On December 1, 2009, the United States filed its Corrected Reply to Plaintiff's Response (#57). The United States argued that the doctrine of apparent authority is not a valid basis for liability under the FTCA.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002).

## II. FTCA CLAIM

The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable for torts committed by "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); Luna v. United States, 454 F.3d 631, 634 (7th Cir. 2006). An "employee of the Government" includes military personnel and employees of any federal agency, but expressly excludes "any contractor with the United States." Alinsky v. United States, 415 F.3d 639, 643-44 (7th Cir. 2005), quoting 28 U.S.C. § 2671; see also United States v. Orleans, 425 U.S. 807, 814 (1976). Thus, the United States is not liable for the actions of the employees of its independent contractors. Alinsky, 415 U.S. at 643-44; Walker v. United States, 2009 WL 1951803, at *3 (S. D. Ind. 2009). The Seventh Circuit has stated:

> Congress expressly granted jurisdiction for suits brought against the
> United States for its employees' conduct, and not the conduct of
> contractors. State common law principles cannot overcome this

federal statute.

Alinsky, 415 F.3d at 645 (emphasis added). The Eighth Circuit has specifically stated that "FTCA claims are strictly limited to a scope of employment analysis, regardless of state law doctrines of respondeat superior and apparent authority." Johnson v. United States, 534 F.3d 958, 963 (8th Cir. 2008), quoting St. John v. United States, 240 F.3d 671, 676 (8th Cir. 2001); see also Primeaux v. United States, 181 F.3d 876, 878 (8th Cir. 1999).

In this case, it is undisputed that HMBI is an independent contractor and was contractually required to maintain the Property in a manner that was clean, safe, sanitary and secure. It is also undisputed that no federal employee had any involvement in the management and care of the Property where Plaintiff was injured. Therefore, because the United States is not subject to suit based upon the actions of an independent contractor and because the doctrine of apparent authority does not apply under the FTCA, the United States is entitled to summary judgment in this case.

IT IS THEREFORE ORDERED THAT:

(1) The United States' Motion for Summary Judgment (#33) is GRANTED. Judgment is entered in favor of the United States and against Plaintiff.

(2) This case is referred to Magistrate Judge David G. Bernthal for further proceedings.

ENTERED this 22nd day of June, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE